UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KATHLEEN SQUIERS,
an individual,

                                   Case No.  2:21-CV-11956

              Plaintiff,            Hon. Sean F. Cox
                                 Magistrate Judge Curtis Ivy, Jr.

vs.

WASHTENAW COUNTY,

              Defendant.
_____/

| | |
|---|---|
| Scott P. Batey (P54711) | Richard W. Warren (P63123) |
| BATEY LAW FIRM, PLLC | Schuyler Ferguson (Illinois ARDC |
| Attorney for Plaintiff | #6325615) |
| 30200 Telegraph Road, Suite 400 | MILLER, CANFIELD, PADDOCK AND |
| Bingham Farms, MI 48025 | STONE, P.L.C. |
| (248) 640-6800 | Attorneys for Defendant |
| (248) 540-6814 | 150 West Jefferson, Suite 2500 |
| sbatey@bateylaw.com | Detroit, Michigan 48226 |
| | (313) 963-6420 |
| | warren@millercanfield.com |
| | ferguson@millercanfield.com |

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, WASHTENAW COUNTY, through its attorneys,

MILLER, CANFIELD, PADDOCK and STONE, P.L.C., and hereby answers the

Complaint of KATHLEEN SQUIERS, Plaintiff herein, as follows:

1. Plaintiff, Kathleen Squiers, is a resident of the City of Chelsea, County of Washtenaw and State of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and Jury Demand (the "Complaint") and thus denies them.**

2. Defendant, Washtenaw County (hereinafter "Defendant") is a governmental entity duly authorized to do business in the County of Washtenaw, State of Michigan.

**ANSWER: Defendant admits the allegations contained in Paragraph 2.**

3. The events producing the original injury occurred in the County of Washtenaw, State of Michigan, and Jurisdiction and Venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

**ANSWER: Defendant denies causing Plaintiff any injury. In response to the remaining allegations contained in Paragraph 3, Defendant states that those allegations constitute legal conclusions to which no response is required, and Defendant thus denies those allegations on that basis and leaves Plaintiff to her proofs. To the extent an answer is required, Defendant denies the remaining allegations contained in Paragraph 3.**

4. Plaintiff brings this action for damages stemming from the acts and/or omissions constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA"), Michigan Persons with Disabilities Civil

Rights Act MCLA §37.1101, *et seq.* (PWDCRA), and the Michigan Person with

Disabilities Civil Rights Act, MCLA §37.2101, *et seq.*

**ANSWER: In response to the allegations in Paragraph 4, Defendant acknowledges that this lawsuit purports to be a civil action brought under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq.* ("PWDCRA"), and the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* ("ELCRA"), but denies any liability to Plaintiff under the FMLA, PWDCRA, or the ELCRA or for any other reason.  All remaining allegations in Paragraph 4 are denied.**

5.    The amount in controversy exceeds $75,000.00 and is otherwise within

the Jurisdiction of this Court.

**ANSWER: In response to Paragraph 5, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 5.**

## GENERAL ALLEGATIONS

6.    Plaintiff incorporates by reference paragraphs 1 through 5 of the

Complain as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference its above answers to paragraphs 1 through 5 of the Complaint as if fully set forth herein.**

7.    Plaintiff began her employment with Washtenaw County Parks and

Recreation Commission (WCPARC) in July 1999, as a Park Horticulturalist.

**ANSWER: Defendant admits the allegations in Paragraph 7.**

3

8. Since around the year 2000, Plaintiff has suffered from asthma, a physical impairment that seriously limits one or more major life activities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and thus denies them.**

9. Plaintiff and her late husband deeded a significant portion of their property to Defendant Washtenaw County for a nature preserve with Plaintiff keeping a portion of the property.

**ANSWER: Defendant neither admits nor denies that in 2007, Plaintiff and her husband deeded approximately 59 acres of land to Defendant for a nature preserve.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 and thus denies them.**

10. In or around April 2021, Plaintiff was diagnosed with an aortic aneurysm, a physical impairment that seriously limits one or more major life activities.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and thus denies them.**

11. Plaintiff has asthma attacks several times a year, for which she takes FMLA leave.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and thus denies them.**

12. In 22 years of employment with Washtenaw County, Plaintiff's performance evaluations have always been above satisfactory.

**ANSWER: Defendant states that the allegations in Paragraph 12 are accurate.**

13. On or about May 17, 2021, Plaintiff informed supervisor Ed Holley (hereinafter "Holley") that Plaintiff had a medical condition which may require surgery.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and thus denies them.**

14. Holley responded, "we have accommodations for those things."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and thus denies them.**

15. The next day, May 18, 2021, Holley told Plaintiff that he could not accommodate Plaintiff because that was not his decision to make.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and thus denies them.**

16. On or about May 24, 2021, Plaintiff visited her treating Physician, Dr. Amy Saunders.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and thus denies them.**

17. Dr. Saunders recommended that Plaintiff be accommodated for her aortic aneurism disability and filled out the requested paperwork.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and thus denies them.**

18.     Dr. Saunders only medical restrictions for Plaintiff were a limit on the amount she can lift; no more than 15 pounds for over two hours a day or 30 pounds at any point which was requested as a reasonable accommodation and a 15 minute break if she has an asthma attack which would be covered by FMLA.

**ANSWER: Defendant admits that Plaintiff submitted to Defendant an Americans with Disabilities Act Medical Inquiry Form, which appears to be signed by Dr. Amy Saunders, in which Dr. Saunders wrote, "It is medically centroindicated to lift > 30 lbs. or to lift > 15 lbs. for more than 2 hours of a work day.  Otherwise, she does not have work limitations. If she has an asthma attack, she needs to be able to use her rescue inhaler and take a 15 minute break." Defendant denies all remaining allegations contained in Paragraph 18 for the reason that they are not true.**

19.     Dr. Saunders suggested accommodation that Plaintiff have restrictions on the weight of objects Plaintiff lifted were reasonable as Plaintiff.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and thus denies them.**

20.     As a regular part of her job, Plaintiff could assign tasks to temporary workers and others.

**ANSWER: Defendant denies the allegations in Paragraph 20 for the reason that they are not true.**

21.     Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

**ANSWER: Defendant denies the allegations in Paragraph 21 for the reason that they are not true.**

22.     On or about May 27, Defendant was sent Dr. Saunders report explicitly

stating that "there is nothing in the job description she cannot do."

**ANSWER: Defendant admits that Plaintiff submitted to Defendant an Americans with Disabilities Act Medical Inquiry Form, which appears to be signed by Dr. Amy Saunders, in which Dr. Saunders wrote, "There is nothing in the job description provided that [Plaintiff] cannot do."  Defendant denies all remaining allegations in Paragraph 22 for the reason that they are not true.**

23.     On or about May 28, 2021, Defendant informed Plaintiff that Defendant

could not accommodate Plaintiff by providing her reasonable accommodations.

**ANSWER: Defendant denies the allegations in Paragraph 23 for the reason that they are not true.**

24.     Instead of accommodating Plaintiff, Defendant forced Plaintiff on

FMLA leave and put her on "unpaid status."

**ANSWER: Defendant denies the allegations in Paragraph 24 for the reason that they are not true.**

25.     Defendant interfered with Plaintiff's use of FMLA leave by forcing her

to waste FMLA so that FMLA leave would not be available when Plaintiff needed

use of FMLA for asthma attacks.

**ANSWER: Defendant denies the allegations in Paragraph 25 for the reason that they are not true.**

26.     Plaintiff is one of the only females in the entire Washtenaw County

Parks and Recreation Commission (WCPARC) maintenance division.

**ANSWER: Defendant denies the allegations in Paragraph 26 for the reason that they are not true.**

27.     Plaintiff learned that during the Covid-19 Pandemic, several male co-workers were called in to perform duties outdoors and paid twice the normal rate. Plaintiff was not given this opportunity, despite being in similar jobs as them.

**ANSWER: Defendant denies the allegations in Paragraph 27 for the reason that they are not true.**

28.     Supervisor Holley regularly discriminated against Plaintiff based on her sex giving Plaintiff more difficult jobs and not offering the same options for promotion and pay as he offered to men in the same position as Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 28 for the reason that they are not true.**

29.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: Defendant denies the allegations in Paragraph 29 for the reason that they are not true.**

## COUNT I

## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA § 37.101, et seq.

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of the Complaint as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference its above answers to paragraphs 1 through 29 of the Complaint as if fully set forth herein.**

31.     Plaintiff suffers from asthma, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

8

**ANSWER:  Defendant admits that Plaintiff suffers from asthma.  In response to the remaining allegations in Paragraph 31, Defendant states that those allegations constitute legal conclusions to which no response is required, and Defendant thus denies those allegations on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the remaining allegations contained in Paragraph 31 for the reason that they are not true.**

32.     Plaintiff's asthma disability was effectively managed through FMLA leave.

**ANSWER:  Defendant admits that Plaintiff has taken intermittent leave under the FMLA due to asthma attacks during her employment with Defendant.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32 and thus denies them.**

33.     Plaintiff also suffers from an aortic aneurism which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq*. (PWDCRA).

**ANSWER:  Defendant admits that Plaintiff suffers from an aortic aneurism.  In response to the remaining allegations in Paragraph 33, Defendant states that those allegations constitute legal conclusions to which no response is required, and Defendant thus denies those allegations on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the remaining allegations contained in Paragraph 33 for the reason that they are not true.**

34.     Plaintiff requested a reasonable accommodation of no lifting over 15 pounds.

**ANSWER:  Defendant admits that Plaintiff submitted to Defendant an Americans with Disabilities Act Medical Inquiry Form, which appears to be signed by Dr. Amy Saunders, in which Dr. Saunders wrote, "It is medically centroindicated to lift > 30 lbs. or to lift > 15 lbs. for more than 2 hours of a work day.  Otherwise, she does not**

**have work limitations. If she has an asthma attack, she needs to be able to use her rescue inhaler and take a 15 minute break."** **Defendant denies the remaining allegations contained in Paragraph 34 for the reason that they are not true.**

35.     Plaintiff was able to perform the essential functions of her job without the reasonable accommodations.

**ANSWER: Defendant denies the allegations in Paragraph 35 for the reason that they are not true.**

36.     Defendant refused to accommodate her.

**ANSWER: Defendant denies the allegations in Paragraph 36 for the reason that they are not true.**

37.     Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

**ANSWER: In response to Paragraph 37, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to her proofs. To the extent an answer is required, Defendant denies the allegations in Paragraph 37 for the reason that they are not true.**

38.     Plaintiff's disabilities were factors in Defendant's employment decisions, including, but not limited to refusing to accommodate her, and constructively forcing her to waste FMLA leave on her aneurysm.

**ANSWER: Defendant denies the allegations in Paragraph 38 for the reason that they are not true.**

39.     Defendant is an employer within the meaning of the PWDCRA.

**ANSWER:  In response to Paragraph 39, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the allegations in Paragraph 39.**

40.     Plaintiff has been subjected to discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused reasonable accommodations by Defendant.

**ANSWER:  Defendant denies the allegations in Paragraph 40 for the reason that they are not true.**

41.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

**ANSWER:  Defendant denies the allegations in Paragraph 41 for the reason that they are not true.**

42.     Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

    a.  Violating the laws against discrimination by refusing to accommodate Plaintiff;

    b.  Preventing Plaintiff from having full and fair opportunities to her employment based upon her disabilities.

**ANSWER:  Defendant denies the allegations in Paragraph 42 for the reason that they are not true.**

43.     Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

**ANSWER: Defendant denies the allegations in Paragraph 43 for the reason that they are not true.**

44.     As a direct and proximate result of Defendant's discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

      i.    Economic damages;

     ii.    Mental anguish;

    iii.    Embarrassment;

    iv.    Anxiety

     v.    Emotional distress; and

    vi.    Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**ANSWER: Defendant denies the allegations in Paragraph 44.  Defendant further denies that Plaintiff is entitled to any of the relief requested in her Complaint or to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or any other relief. Defendant further requests that the Court dismiss Plaintiff's**

**Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.**

## COUNT II

## INTERFERENCE WITH FMLA

45.     Plaintiff incorporates by reference paragraphs 1 through 44 of the

Complaint as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference its above answers to paragraphs 1 through 44 of the Complaint as if fully set forth herein.**

46.     Plaintiff was an employee of Defendant eligible for FMLA leave.

**ANSWER: Defendant neither admits nor denies the allegations in Paragraph 46 for lack of information, and therefore leaves Plaintiff to her proofs.**

47.     Defendant was Plaintiff's "employer" within the meaning of the

FMLA.

**ANSWER: In response to Paragraph 47, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this Paragraph on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the allegations in Paragraph 47.**

48.     Plaintiff was entitled for up to 12 weeks leave FMLA leave per year for

a serious medical condition.

**ANSWER: Defendant admits the allegations in Paragraph 48, as to what the FMLA provides.**

13

49.     As a result of Plaintiff's asthma disability and treatment her FMLA leave was valuable because she did not want to waste it so it would be available when needed for legitimate medical treatment.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 and thus denies them.**

50.     Defendant violated the FMLA by interfering with Plaintiff's FMLA time and requiring Plaintiff to work FMLA leave by refusing to provide reasonable accommodations under the ADA and PWDCRA.

**ANSWER: Defendant denies the allegations in Paragraph 50 for the reason that they are not true.**

51.     Plaintiff was able to perform the essential functions of her job with reasonable accommodations, but Defendant refused to accommodate Plaintiff's disability and instead insisted on placing her on FMLA leave, wasting FMLA time.

**ANSWER: Defendant denies the allegations in Paragraph 51 for the reason that they are not true.**

52.     Defendant interfered with Plaintiff's use of legitimate FMLA leave by placing her on FMLA leave and wasting FMLA time without Plaintiff requesting FMLA leave.

**ANSWER: Defendant denies the allegations in Paragraph 52 for the reason that they are not true.**

53.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

**ANSWER: Defendant denies the allegations in Paragraph 53. Defendant further denies that Plaintiff is entitled to any of the relief requested in her Complaint or to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or any other relief. Defendant further requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.**

## COUNT III

## GENDER/SEX DISCRIMINATION

54. Plaintiff incorporates by reference paragraphs 1 through 53 of the Complaint as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference its above answers to paragraphs 1 through 53 of the Complaint as if fully set forth herein.**

55. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.* Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her gender/sex.

**ANSWER: In response to Paragraph 55, Defendant states that the allegations contained therein constitute legal conclusions to which no response is required, and Defendant thus denies the contents of this**

> **Paragraph on that basis and leaves Plaintiff to her proofs.  To the extent an answer is required, Defendant denies the allegations in Paragraph 55.**

56.     Plaintiff's gender/sex as a female caused representatives and/or employees of Defendant to subject her to a disparate treatment and hospitality.

**ANSWER: Defendant denies the allegations in Paragraph 56 for the reason that they are not true.**

57.     Defendant had both actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

**ANSWER: Defendant denies the allegations in Paragraph 57 for the reason that they are not true.**

58.     Despite having notice that Plaintiff was being discriminated against and harassed due to her gender/sex, Defendant failed to take any remedial action.

**ANSWER: Defendant denies the allegations in Paragraph 58 for the reason that they are not true.**

59.     The hostility and unwelcome treatment due to Plaintiff's gender/sex by representatives and employees of Defendant and their failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

**ANSWER: Defendant denies the allegations in Paragraph 59 for the reason that they are not true.**

60.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorney fees.

**ANSWER: Defendant denies the allegations in Paragraph 60 for the reason that they are not true.**

61.     Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees, refusing to promote and terminating them due to their gender/sex.

**ANSWER: Defendant denies the allegations in Paragraph 61 for the reason that they are not true.**

62.     As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

**ANSWER: Defendant denies the allegations in Paragraph 62 for the reason that they are not true.**

63.     As a proximate result of the unwelcome treatment due to her Gender/sex by representatives and employees of Defendant because of Plaintiff's Gender/sex, and Defendant's failure to take remedial action against the conduct, Plaintiff has sustained injuries including, but not limited to, lost wages, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**ANSWER: Defendant denies the allegations in Paragraph 63.   Defendant further denies that Plaintiff is entitled to any of the relief requested**

**in her Complaint or to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or any other relief. Defendant further requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.**

## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defense, Defendant states that it will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery:

A.    Plaintiff has failed to state a claim upon which relief can be granted.

B.    Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate her damages, if any.

C.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, doctrines of waiver, estoppel, res judicata, unclean hands, and/or laches.

D.    Plaintiff has failed to join in her Complaint every party and/or claim arising out of the transaction or occurrence that is the subject matter of this action.

E.    Defendant's actions were not the proximate cause, or cause in fact, of any alleged injury of Plaintiff.

F.    Plaintiff's purported damages are purely speculative and without sufficient basis, and therefore, not compensable.

G.      Defendant's actions toward Plaintiff were taken for legitimate, non-discriminatory reasons.

H.      Plaintiff cannot establish a prima facie case as to some or all of her claims.

I.      Defendant reserves the right to amend its Answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

## RELIEF REQUESTED

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in her Complaint.  Defendant further denies that Plaintiff is entitled to damages, losses, expenses, back wages, attorney's fees, litigation costs, interest, or any other relief.  Defendant further requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and attorney fees so wrongfully incurred in defending the instant action.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK and
STONE, P.L.C.

By: */s/Richard W. Warren*

Richard W. Warren (P63123)
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan   48226
(313) 963-6420
warren@millercanfield.com

Dated:  September 17, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

*/s/Richard W. Warren*

Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
warren@millercanfield.com
P63123

38089871.1/094579.00017