## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

KATHLEEN SQUIERS,

      Plaintiff,

v.

WASHTENAW COUNTY,

      Defendant.

Case No. 2:21-cv-11956

Hon. Sean F. Cox

| | |
|---|---|
| Batey Law Firm, PLLC | Miller, Canfield, Paddock & Stone, P.L.C. |
| SCOTT P. BATEY (P54711) | RICHARD W. WARREN (P63123) |
| Attorney for Plaintiff | SCHUYLER FERGUSON |
| 30200 Telegraph Road, Suite 400 | Attorneys for Defendant |
| Bingham Farms, MI  48025 | 150 West Jefferson, Suite 2500 |
| (248) 540-6800-telephone | Detroit, MI  48226 |
| (248) 540-6814-fax | (313) 963-6420-telephone |
| sbatey@bateylaw.com | warren@millercanfield.com |
| | ferguson@millercanfield.com |

## STIPULATED ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT TO ADD ALLEGATIONS UNDER THE AMERICANS WITH DISABILITIES ACT

WHEREAS, on May 31, 2021 Plaintiff filed a Charge of Discrimination with the EEOC for alleged violations of the American with Disabilities Act ("ADA"), Charge No. 471-2021-02524, and; WHEREAS the on June 8, 2022 EEOC issued a Right to Sue letter :

NOW COMES the parties, by and trough their respective counsel and hereby stipulate that Plaintiff shall be permitted to amend her Complaint, attached as ("Exhibit A") to add allegations under the ADA and the Court shall issue a new Scheduling Order in accordance with the Amendment.


Approved as to form:


 /s/Scott P. Batey                                   /s/Richard W. Warren (w/permission)
SCOTT P. BATEY (P54711)                RICHARD W. WARREN
Attorney for Plaintiff                            Attorney for Defendant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN MICHIGAN

KATHLEEN SQUIERS,

     Plaintiff,

v.

WASHTENAW COUNTY,

     Defendant.

Case No. 2:21-cv-11956

Hon. Sean F. Cox

| | |
|---|---|
| Batey Law Firm, PLLC | Miller, Canfield, Paddock & Stone, P.L.C. |
| SCOTT P. BATEY (P54711) | RICHARD W. WARREN (P63123) |
| Attorney for Plaintiff | SCHUYLER FERGUSON |
| 30200 Telegraph Road, Suite 400 | Attorneys for Defendant |
| Bingham Farms, MI  48025 | 150 West Jefferson, Suite 2500 |
| (248) 540-6800-telephone | Detroit, MI  48226 |
| (248) 540-6814-fax | (313) 963-6420-telephone |
| sbatey@bateylaw.com | warren@millercanfield.com |
| | ferguson@millercanfield.com |

## <u>ORDER</u>

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff shall be permitted to amend her Complaint to add allegations under the ADA and the Court shall issue a new Scheduling Order in accordance with the Amendment. The amended complaint shall be filed within five (5) days of the date of this Order.

Dated:  August 23, 2022

              s/Sean F. Cox
              Sean F. Cox
              U. S. District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

KATHLEEN SQUIERS,

     Plaintiff,

v.

WASHTENAW COUNTY,

     Defendant.

Case No. 2:21-cv-11956

Hon. Sean F. Cox

| Batey Law Firm, PLLC | Miller, Canfield, Paddock & Stone, P.L.C. |
|---|---|
| SCOTT P. BATEY (P54711) | RICHARD W. WARREN (P63123) |
| Attorney for Plaintiff | SCHUYLER FERGUSON |
| 30200 Telegraph Road, Suite 400 | Attorneys for Defendant |
| Bingham Farms, MI  48025 | 150 West Jefferson, Suite 2500 |
| (248) 540-6800-telephone | Detroit, MI  48226 |
| (248) 540-6814-fax | (313) 963-6420-telephone |
| sbatey@bateylaw.com | warren@millercanfield.com |
| | ferguson@millercanfield.com |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Kathleen Squiers (hereinafter "Plaintiff"), by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Kathleen Squiers, is a resident of the City of Chelsea, County of Washtenaw and State of Michigan.

2.     Defendant, Washtenaw County (hereinafter "Defendant") is a governmental entity duly authorized to do business in the County of Washtenaw, State of Michigan.

3.     The events producing the original injury occurred in the County of Washtenaw, State of Michigan, and Jurisdiction and Venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.     Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA"), Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA), and the Michigan Person with Disabilities Civil Rights Act, MCLA §37.2101, *et seq*.

5.     The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## <u>GENERAL ALLEGATIONS</u>

6.     Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.     Plaintiff began her employment with Washtenaw County Parks and Recreation Commission (WCPARC) in July 1999, as a Park Horticulturalist.

8.   Since around the year 2000, Plaintiff has suffered from asthma, a physical impairment that seriously limits one or more major life activities.

9.   Plaintiff and her late husband deeded a significant portion of their property to Defendant Washtenaw County for a nature preserve with Plaintiff keeping the portion of the property

10.   In or around April 2021, Plaintiff was diagnosed with an aortic aneurysm, a physical impairment that seriously limits one or more major life activities.

11.   Plaintiff has asthma attacks several times a year, for which she takes FMLA leave.

12.   In 22 years of employment with Washtenaw County, Plaintiff's performance evaluations have always been above satisfactory.

13.   On or about May 17, 2021, Plaintiff informed supervisor Ed Holley (hereinafter "Holley") that Plaintiff had a medical condition which may require surgery.

14.   Holley responded, "we have accommodations for those things."

15.   The next day, May 18, 2021, Holley told Plaintiff that he could not accommodate Plaintiff because that was not his decision to make.

16.   On or about May 24, 2021, Plaintiff visited her treating Physician, Dr. Amy Saunders.

17.    Dr. Saunders recommended that Plaintiff be accommodated for her aortic aneurysm disability and filled out the requested paperwork.

18.    Dr. Saunders only medical restrictions for Plaintiff were a limit on the amount she can lift; no more than 15 pounds for over two hours a day or 30 pounds at any point which was requested as a reasonable accommodation and a 15 minute break if she has an asthma attack which would be covered by FMLA.

19.    Dr. Saunders suggested accommodation that Plaintiff have restrictions on the weight of objects Plaintiff lifted were reasonable as Plaintiff rarely had to lift anything over those limitations and when she did, she would receive assistance from co-workers.

20.    As a regular part of her job, Plaintiff could assign tasks to temporary workers and others.

21.    Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

22.    On or about May 27, Defendant was sent Dr. Saunders report explicitly stating that "there is nothing in the job description she cannot do."

23.    On or about May 28, 2021, Defendant informed Plaintiff that Defendant could not accommodate Plaintiff by providing her reasonable accommodations.

24.    Instead of accommodating Plaintiff, Defendant forced Plaintiff on FMLA leave and put her on "unpaid status."

8

25.     Defendant interfered with Plaintiff's use of FMLA leave by forcing her to waste FMLA so that FMLA leave would not be available when Plaintiff needed use of FMLA for asthma attacks.

26.     Plaintiff is one of the only females in the entire Washtenaw County Parks and Recreation Commission (WCPARC) maintenance division.

27.     Plaintiff learned that during the Covid-19 Pandemic, several male co-workers were called in to perform duties outdoors and paid twice the normal rate. Plaintiff was not given this opportunity, despite being in similar jobs as them.

28.     Supervisor Holley regularly discriminated against Plaintiff based on her sex giving Plaintiff more difficult jobs and not offering the same options for promotion and pay as he offered to men in the same position as Plaintiff.

29.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

30.     On or around June 8, 2022, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

<u>COUNT I</u>
<u>VIOLATIONS OF AMERICANS WITH DISABILITIES ACT OF 1990</u>

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32.     At all times relevant Plaintiff suffered from asthma, a disability under the ADA.

33.     Plaintiff suffered from a disability of asthma, and Defendant perceived and regarded Plaintiff as a person with a disability which substantially limited and interfered with her ability to breath, walk or talk.

34.     Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

35.     Plaintiff's disability was a factor in Defendant's employment decisions, including, requiring her to take FMLA leave.

36.     Defendant is an employer within the meaning of the ADA.

37.     Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and her numerous requests for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

38.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

39.     Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a.  Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

    b.  Violating the laws against discrimination by suspending Plaintiff based exclusively upon her disability.

40.    Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a.  Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b.  Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    c.  Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d.  Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

41.    As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

42.    Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety,

emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE MICHIGAN PERSONS
## WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

43.     Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.     Plaintiff suffers from asthma, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

45.     Plaintiff's asthma disability was effectively managed through FMLA leave.

46.     Plaintiff also suffers from an aortic aneurysm which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

47.     Plaintiff requested a reasonable accommodation of no lifting over 15 pounds, which was consistent with her job duties which rarely, if ever, required her to lift over 15 pounds.

48.     Plaintiff was able to perform the essential functions of her job without the reasonable accommodations.

49.     Defendant refused to accommodate her.

50.     Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

51.     Plaintiff's disabilities were factors in Defendant's employment decisions, including, but not limited to refusing to accommodate her, and constructively forcing her to waste FMLA leave or her aneurysm, which she needed for asthma.

52.     Defendant is an employer within the meaning of the PWDCRA.

53.     Plaintiff has been subjected to discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused reasonable accommodations by Defendant.

54.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

55.     Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disabilities.

   c. Creating a hostile work environment by refusing to accommodate her and requiring she use FMLA leave, which substantially interfered with her ability to do her job.

56.     Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

57.     As a direct and proximate result of Defendant's discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

   i. Economic damages;

   ii. Mental anguish;

   iii. Embarrassment;

   iv. Anxiety;

v.  Emotional distress; and

vi.  Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## INTERFERENCE WITH FMLA

58.    Plaintiff incorporates by reference paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59.    Plaintiff was an employee of Defendant eligible for FMLA leave.

60.    Defendant was Plaintiff's "employer" within the meaning of the FMLA.

61.    Plaintiff was entitled for up to 12 weeks leave FMLA leave per year for a serious medical condition.

62.    As a result of Plaintiff's asthma disability and treatment her FMLA leave was valuable because she did not want to waste it so it would be available when needed for legitimate medical treatment.

63.    Defendant violated the FMLA by interfering with Plaintiff's FMLA time and requiring Plaintiff to work FMLA leave by refusing to provide reasonable accommodations under the ADA and PWDCRA.

64.     Plaintiff was able to perform the essential functions of her job with reasonable accommodations, but Defendant refused to accommodate Plaintiff's disability and instead insisted on placing her on FMLA leave, wasting FMLA time.

65.     Defendant interfered with Plaintiff's use of legitimate FMLA leave by placing her on FMLA leave and wasting FMLA time without Plaintiff requesting FMLA leave.

66.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## GENDER/SEX DISCRIMINATION

67.     Plaintiff incorporates by reference paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her gender/sex.

69.     Plaintiff's gender/sex as a female caused representatives and/or employees of Defendant to subject her to disparate treatment and hostility.

70.     Defendant had both actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

71.     Despite having notice that Plaintiff was being discriminated against and harassed due to her gender/sex, Defendant failed to take any remedial action.

72.     The hostility and unwelcome treatment due to Plaintiff's gender/sex by representatives and employees of Defendant and their failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

73.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorney fees.

74.     Defendant owed Plaintiff as an employee, a duty to adequately advise their employees to refrain from discriminating against employees, refusing to promote and terminating them due to their gender/sex.

75.     As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

76.     As a proximate result of the unwelcome treatment due to her Gender/sex by representatives and employees of Defendant because of Plaintiff's Gender/sex, and Defendant's failure to take remedial action against the conduct,

Plaintiff has sustained injuries including, but not limited to, lost wages, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  June 22, 2022

## <u>DEMAND FOR  JURY TRIAL</u>

NOW COMES Plaintiff, Kathleen Squiers, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: <u>/s/ Scott P. Batey</u>
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  June 22, 2022